## J. S. PLUMMER & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. December 13, 1907.)

### No. 4,217.

CUSTOMS DUTIES—APPEAL—ADDITIONAL EVIDENCE—INADMISSIBILITY.

At their hearing before the Board of General Appraisers importers introduced evidence as to only a portion of the items contained in the importations in question. *Held* that, on appeal from the board, they were not entitled, with regard to the items respecting which they had presented no evidence to the board, to resort to the privilege of additional evidence in the circuit, provided in Customs Administrative Act June 10, 1890, c. 407, § 15, 26 Stat. 138 (U. S. Comp. St. 1901, p. 1933).

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below affirmed the assessment of duty by the collector of customs at the port of New York. The importers applied for a review of that decision as prescribed in Customs Administrative Act June 10, 1890, c. 407, § 15, 26 Stat. 138 (U. S. Comp. St. 1901, p. 1933), and an ex parte order for additional evidence was procured in their behalf under the following provision in said section: "The court may, upon the application of * * * the importer, refer [the case] to one of said general appraisers, as an officer of the court, to take and return to the court such further evidence as may be offered, * * * in such order and under such rules as the court may prescribe. * * *" Under this order the importers took evidence as to items of the merchandise in respect to which no samples or evidence of any kind had been produced before the Board of General Appraisers; but offered none as to the items passed upon by the board. The government reserved the objection that the evidence was inadmissible, and at the hearing in the case argued in support of this objection.

This argument, as outlined in the government's brief, is that it was the duty of the importers, on appealing from the collector's assessment of duty, to submit evidence in support of their contentions to the board, and not to seek to litigate in the present court, for the first time, some of the questions of fact involved in the case; that there would be no hardship in requiring importers to first submit their cases to the board in the manner provided by law; and that a contrary practice would be farcical, resulting in making the proceedings before the board a useless informality, and in a nullification of the statutory provision for speedy resort to the board in order that the issue should at once be investigated when the proof is available and accessible, and the matter fresh in the minds of those in charge of it. The case of United States v. China & Japan Trading Co., 71 Fed. 864, 18 C. C. A. 335, was cited as a controlling authority. In this case it was stated by the Circuit Court of Appeals, Second Circuit: "The whole scheme of the customs administrative act would be defeated, if the importer who complains of the action of the collector obtained a review of that action by the Circuit Court without first resorting to the Board of General Appraisers and obtaining its decision upon the facts and the law of the case."

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

J. Osgood Nichols, Asst. U. S. Atty.

MARTIN, District Judge. The merchandise in question consists of certain braids, and was assessed for duty at the rate of 60 per cent. ad valorem under the provisions of paragraphs 339 and 390 of the act of July 24, 1897, c. 11, § 1, Schedules J and L, 30 Stat. 181, 187 (U. S. Comp. St. 1901, pp. 1662, 1670).

Paragraph 339 provides for different articles, including "embroideries and all trimmings, including braids * * * all the foregoing composed wholly or in chief value of flax, cotton or other vegetable fiber * * * sixty per centum ad valorem."

Paragraph 390 provides for braids "made of silk or of which silk is the component material of chief value, sixty per centum ad valorem."

The importers claim that said merchandise is properly dutiable at 30 per centum ad valorem under paragraph 449 of said act, which relates to manufactures of chip, grass, straw, etc. It was returned by the Board of General Appraisers as vegetable fiber and chip braid. If the merchandise in question had been assessed in chief value either of silk or of vegetable fiber it was properly classified under paragraphs 339 and 390, and dutiable at 60 per cent. ad valorem.

The question presented to the Board of Appraisers was one of fact as to the component material of chief value. The importer there produced samples of portions of the merchandise covered by the protest, and, as I understand the case, the decision of the board was adverse to the importer as to those samples so produced, and no appeal was taken as to the portion of the merchandise covered by those samples; and this appeal relates to other invoice items in the same importation, of which no samples were produced before the board but which for the first time were produced in this court. The government claims that no evidence was offered before the board as to the items of merchandise involved here. The importer claims that the evidence offered relative to the other items should be construed as covering all the items of the invoice. Counsel for both sides stated that this was practically a new question.

I think the contention of the government is correct, and therefore affirm the decision of the Board of General Appraisers.